IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISON

| | | |
|---|---|---|
| DENISE L. LUCIANO, | ) | CASE NO.1:19-CV-00172 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | MEMORANDUM OPINION AND |
| SECURITY, | ) | ORDER |
| | ) | |
| | ) | |
| Defendant. | | |

**Introduction**

Before me by referral[1] is an action by Denise L. Luciano under 42 U.S.C. § § 402(g), 1383 (c)(3) seeking judicial review of 2018 decision by the Commissioner of Social Security that denied Luciano's applications for disability insurance benefits and supplemental security income.[2] The Commissioner has answered[3] and filed a transcript of the administrative proceedings.[4] Pursuant to my initial orders,[5] the parties have briefed

---

[1] ECF No. 12. The parties have consented to my exercise of jurisdiction.
[2] ECF No. 1.
[3] ECF No. 9.
[4] ECF No. 10.
[5] ECF Nos. 6, 11.

1

their positions,[6] have met and conferred with a view towards resolution of the matters in dispute[7] and have then participated in a telephonic oral argument.[8]

For the reasons that follow, the decision of the Commissioner will be reversed and the matter remanded for further proceedings.

**Facts**

The relevant facts in this single issue case[9] are simply stated. Luciano, who was 45 years old at the time of the hearing,[10] was found to have degenerative disc disease, a fracture of the upper extremity, PTSD anxiety and depression as severe impairments.[11] The ALJ determined that she has an RFC for medium work with additional limitations.[12] To that point, the RFC specifically noted that Luciano could frequently operate hand controls with her right (dominant) hand and handle and finger frequently with that hand.[13]

The VE concluded that there were a sufficient number of jobs – such as laundry laborer, assembler of metal furniture and general laborer – that Luciano could perform and so she was found not disabled.[14]

---

[6] ECF Nos. 13 (Luciano), 16 (Commissioner), 18 (Luciano reply).
[7] ECF No. 17.
[8] ECF No. 20.
[9] Additional claims here concerning alleged error in treating mental limitations were waived prior to the telephonic oral argument. See, ECF No. 20.
[10] Tr. at 147.
[11] *Id*. at 140.
[12] *Id*. at 142.
[13] *Id*.
[14] *Id*. at 147-48.

## Analysis

At issue here is how an automobile accident on July 29, 2017 still affects Luciano's right hand and forearm and whether the ALJ correctly found that she could use that hand as is described in the RFC.[15] I will address that issue under the well-known rubric for substantial evidence.

Luciano testified at the hearing that she cannot do anything with the fingers of that hand.[16] The ALJ, in his opinion, cites to 2017 progress notes after Luciano had surgery on this hand that show her wounds were healed and that - although she had "stiffness and weakness" in her hand – she "showing steady progress."[17] He also noted that she told her primary care physician in April 2018 that her finger was "better."[18]

Luciano now contends that while the wounds from the accident had healed by April 2018, she nonetheless remains unable to fully open her hand, to write, type, hold a cup or clean a table with her right hand.[19] She argues that the reason she ended occupational therapy was because it could do nothing more to improve her condition.[20] She argues that the limitations in her right hand, plus her diabetes and degenerative spine condition, means that she can lift or carry no more than five pounds, not 50 pounds as the RFC sets out.[21]

---

[15] ECF No. 18 at 2-3.
[16] *Id.* at 142.
[17] *Id.* at 143.
[18] *Id.* at 144.
[19] See, ECF No. 18 at 3.
[20] *Id.*
[21] *Id.* The RFC actually states that she can lift or carry 50 pounds occasionally and 25 pounds frequently. Tr. at 142.

3

There are physical functional capacity opinions in the record from two state agency reviewers who gave those opinions prior to the July 2017 accident that resulted in the right hand injury. The ALJ acknowledged this difficulty and accordingly gave these opinions "partial weight" and then added "additional limitations as a result of the accident."[22] A functional capacity assessment by a social worker from February 2017 – also prior to the accident – also received partial weight, but the ALJ pointed noted that any opinion as to physical limitations is not in the area of expertise of a mental health professional.[23]

There is an additional functional capacity opinion that was given barely two weeks after the July 2017 accident. Kelly Kaufman, CNP, had been seeing Luciano every month since October 2014 and although her report mentions the fact that Luciano had "recent surgery s/p MVA,"[24] the report itself is an opinion as to the presence and extent of mental limitations.[25]

The clinical findings as to Luciano's ability to use her hand for lifting, fingering and handling are post-operative follow-up notes cited by the ALJ that are general in nature. They show that Luciano on October 4, 2017 showed "an increase in digit range of motion" and, two weeks later, "was showing steady progress but still had some stiffness and weakness in her hand."[26] The clinical notes further state that Luciano "had a flexion

---

[22] *Id.* at 145.
[23] *Id.*
[24] *Id.* at 1254.
[25] *Id.* at 1254-58.
[26] *Id.* at 143.

4

contraction at the DIP joint of the longer finger[27] and a mild flexion contraction at the DIP joint of the index finger."[28] A note from April 2018 states that Luciano "told her primary care physician that her finger was better …."[29]

The issue is that, despite the clinical notes as to what Luciano's injuries are, "there is no medical [opinion] evidence about how [plaintiff's] impairments affect her ability to function now."[30] As I stated in *Kizys v. Commissioner of Social Security*,[31] an "ALJ retains discretion to impose work-related limitations without a proper [medical] source opinion where the medical evidence shows relatively little physical impairment, and an ALJ can render a commonsense judgment about functional capacity."[32]

Here, the specific clinical findings are that Luciano has limitations in two fingers of her hand. The rest of the clinical notes are general – "some" stiffness and weakness, an "increase" in range of digit motion and a self-report that the finger was "better." There is no medical opinion as to what Luciano could actually do with these limitations in her right (dominant) hand. Yet the ALJ made specific RFC findings that Luciano could lift/carry 50 pounds occasionally and 25 pounds frequently, can handle and finger frequently with the injured hand and can operate hand controls with that hand.

---

[27] Essentially the first knuckle.
[28] *Id*.
[29] *Id*. at 144.
[30] *Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2000).
[31] 2011 WL 5024866 (N.D. Ohio Oct. 21, 2011).
[32] *Id*. at * 2; see also *Branscum v. Berryhill*, 2019 WL 475013 (E.D. Ky. Feb. 6, 2019) (collecting cases within the Sixth Circuit for the principle that generally medical opinions should support the RFC, not just raw clinical data).

I find that none of these findings in the RFC concerning the functional capacity of Luciano's right hand are purely a "commonsense" interpretation of the clinical data. Indeed, case law suggests that claimants who have lost the use of two fingers on a hand are more likely to be characterized as capable of no more than light work (*i.e.*, lifting or carrying no more than 20 pounds occasionally and 10 pounds frequently) than to be found capable of medium work, as here.[33]

## Conclusion

Accordingly, I find that the decision of the Commissioner here is not supported by substantial evidence and is therefore reversed. The matter is remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

Dated: January 30, 2020                       s/William H. Baughman Jr.
                                                                          United States Magistrate Judge

---

[33] See, *Johnson v. Bowen*, 648 F.Supp. 443, 448 (N.D. Illinois 1986).